JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section                LINK 38
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7162
     Facsimile: (213) 894-0141
     Email:    catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-40-HDV |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING PRIVACY OF CHILD VICTIM INFORMATION AND PERSONALLY IDENTIFYING INFORMATION |
| v. | |
| ROHAN SANDEEP RANE, ET AL., COLLIN JOHN THOMAS WALKER, | |
| Defendant. | |

   The Court having considered the stipulation of the parties filed on February 26, 2025, with respect to the disclosure of information in discovery in this matter and good cause appearing, the Court hereby ORDERS as follows:

   1.   To permit the government to provide discovery material to defense counsel (hereinafter "Discovery") while avoiding the unauthorized dissemination of child victim/witness information or personally identifying information contained or referenced in the discovery material (hereinafter "PROTECTED MATERIALS"), the Discovery

1  that is produced will be subject to this Protective Order designed to
2  protect the PROTECTED MATERIALS from inadvertent or unauthorized
3  disclosure, which disclosure the government believes could violate 18
4  U.S.C. § 3509(d) or the protections afforded by Fed. R. Crim. P.
5  16(d).
6      2.   The Protective Order will include any Discovery, that is,
7  written documentation, electronic data, and audio recordings provided
8  to the Defense Team, as defined below, including any copies of said
9  Discovery, which include, but are not limited to, paper or electronic
10 copies before or after the execution of the Protective Order.
11     3.   For purposes of this Protective Order, the following terms
12 are defined:
13         a.   "Defense Team" refers to defendant, his counsel of
14 record, any co-counsel specifically assigned to work on this case,
15 any defense paralegals, investigators, employees, experts, or
16 translators hired by the counsel of record for defendant to assist
17 counsel with this case.  "Defense Team" includes any subsequent
18 counsel of record, should current counsel of record be relieved from
19 this case.  "Defense Team" does not include family members and other
20 associates of defendant.
21         b.   "Personal Identifying Information" ("PII") includes
22 any information that can be used to identify a person, including
23 name, address, date of birth, Social Security number, driver's
24 license number, telephone number, account number, or personal
25 identification number.  The term "PII Protected Information" refers
26 to materials containing PII that the government produces to the
27 defense pursuant to the Protective Order.
28

      c.  "Protected Materials" includes any form of child victim information or personally identifying information of the victim, the victim's family, or a cooperating witness. The Protective Order will include any discovery relating to the PROTECTED MATERIALS, that is, written documentation, electronic data, photographs and audio and/or video recordings provided to the Defense Team, as defined below, including any information contained therein and any copies of said discovery, which include, but are not limited to, paper or electronic copies before or after the execution of the Protective Order.

    4.  Defendant and his attorney are required to give a copy of this Protective Order to all individuals outside defense counsel's office engaged or consulted by defense counsel in preparation of the trial in this case. Said individuals must agree in writing to be bound by the terms of this Protective Order before receiving any of the PROTECTED MATERIALS in connection with this case. The Defense Team will keep a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order, which list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the Protective Order has occurred.

    5.  The Defense Team is prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, PROTECTED MATERIALS to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. For example, family members and other associates of defendant would not be permitted to

receive or review copies of the PROTECTED MATERIALS disclosed by the government unless such disclosure is carried out pursuant to the terms of the Protective Order and the parties' stipulation.

6. The attorney of record and members of the Defense Team may display and review the PROTECTED MATERIALS with the defendant. The attorney of record and members of the defense team acknowledge that providing copies of the PROTECTED MATERIALS to defendant or other persons is prohibited, and agree not to duplicate or provide copies of the PROTECTED MATERIALS to defendant or other persons.

7. The Defense Team shall maintain all PROTECTED MATERIALS received from the government in a manner consistent with the terms of this Protective Order. PROTECTED MATERIALS produced to the defense shall be stored by the Defense Team in a secure manner in the defense team's offices, homes, vehicles, or personal presence. Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

8. Any item that references the content of the PROTECTED MATERIALS that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, pursuant to 18 U.S.C. § 3509(d) and/or Fed. R. Crim. P. 16(d).

9. The Defense Team shall not transfer, disseminate, or send any of the Discovery produced by the government outside of the United States, except after complying with the procedures below. The parties agree that the Discovery will not be transferred, disseminated, or sent outside the United States by the Defense Team

4

without defendant's counsel of record (1) providing the government with ten days written advance notice of the Defense Team's intention to send any Discovery outside the United States <u>and</u> (2) obtaining a written order from this Court (based upon a regularly-noticed motion) that specifically authorizes the Defense Team to transfer, disseminate, or send any of the Discovery outside the United States. The Defense Team shall use materials designated subject to the protective order only for the preparation and litigation of this matter, and for no other purpose.  Litigation of this matter includes any appeal filed by the defendant, and any motion filed by the defendant pursuant to <u>28 U.S.C. § 2255</u>.  Upon the final disposition of this case, any materials designated subject to the protective order shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the protective order maintained in the Defense Team's files shall remain subject to the protective order unless and until such order is modified by this Court.  Upon the conclusion of appellate and post-conviction proceedings, and upon the consent of defendant, the Defense Team shall return the discovery or certify that the discovery has been destroyed.

   IT IS SO ORDERED.

Dated: 03/03/25

_____
THE HONORABLE HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE

Presented by:
   /s/ *Catharine Richmond*
CATHARINE A. RICHMOND
Assistant United States Attorney

5